IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

**JOHN BROOKS**
        *Plaintiff*,

vs.                                                                  CASE NO.:_____

**THE KNAPHEIDE MANUFACTURING
CO., DEALERS TRUCK EQUIPMENT CO. LLC,
JOHN DOE 1, and JOHN DOE 2.**
        *Defendants*.

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, John Brooks (hereinafter referred to as "Plaintiff"), and for his cause of action

against Defendants, The Knapheide Manufacturing Co., Dealers Truck Equipment Co. LLC, John

Doe 1, and John Doe 2 would respectfully show unto the Court the following:

## PARTIES

1.      Plaintiff was an individual residing in Miller County, Arkansas.

2.      Defendant The Knapheide Manufacturing Co. (hereinafter "Knapheide") is an Illinois

For Profit Corporation which has its principal place of business in Quincy, Illinois.  Knapheide

may be served with Summons and Complaint upon its registered agent, Corporation Service

Company d/b/a CSC-Lawyers Incorporating Service, 211 E. 7th Street, Suite 620, Austin, Texas

78701-3136.

3.      Defendant Dealers Truck Equipment Co. LLC, (hereinafter "Dealers") is a Louisiana

Limited Liability Company which has its principal place of business in Shreveport, Louisiana.

Dealers may be served with Summons and Complaint upon its registered agent, C T Corporation

System at 1999 Bryant St. Ste 900, Dallas, Texas 75201-3136.

4.      Defendant John Doe 1 is a potential party including but not limited to, other covered

bed manufacturers, sellers, installers, and others who may be liable for Plaintiff's injuries.

5.      Defendant John Doe 2 is a potential party including but not limited to, other covered

bed manufacturers, sellers, installers, and others who may be liable for Plaintiff's injuries.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this lawsuit based on diversity

of citizenship.  *See* 28 U.S.C. § 1332(a).  The amount in controversy is in excess of $75,000.00.

7.      This Court has jurisdiction over the parties referenced above because all or a

substantial part of the events giving rise to this dispute occurred within the State of Texas.

Moreover, this Court has personal jurisdiction over the Defendants as they both have a registered

agent in the State of Texas, do business in the State of Texas on a continuous and systematic basis,

and committed a tort in the State of Texas, namely in this District.  For the same reasons, venue is

proper in this District.

## FACTS

8.      Plaintiff brings this cause of action for serious physical injuries suffered as a result of

an explosion that occurred in Bowie County, Texas causing serious and ongoing physical,

emotional, and economic damages.

9.      Pratt's Truck Service (hereinafter "Pratts") is a wrecker service located in Bowie

County, Texas.

10.     On September 12, 2020, Plaintiff was an employee of Pratts.

11.     Pratts purchases work vehicles from the McLarty Ford Dealership located in Bowie

County, Texas.

12.     Pratts and its employees, including Plaintiff, contacted McLarty Ford Dealership in

Texarkana, Texas to purchase the work vehicle driven and operated by Plaintiff.

13. At the time of purchase, Plaintiff relayed the specifications of the vehicle he would need, including the type of bed required for his employment.

14. The McLarty Ford dealership then contacted Defendant Knapheide to purchase the covered bed and arranged for the bed to be installed by Defendant Dealers.

15. The covered bed of the work vehicle was designed, manufactured, and distributed by Defendant Knapheide.

16. The covered bed was installed by Defendant Dealers.

17. Once the vehicle was complete, it was put into operation by Pratts to be operated by Plaintiff.

18. On September 12, 2020, Plaintiff was operating the vehicle in his scope of business, and while waiting at a stoplight, an explosion occurred in the covered bed of Plaintiff's vehicle.

19. The explosion was of such force and nature that it caused the front and rear windows to be blown out and a fire occurred in the covered bed.

20. As a result, Plaintiff suffered serious blast injures to his body to which Plaintiff is struggling with to this day.

## CAUSES OF ACTION

### COUNT 1
### Strict Products Liability against Knapheide

21. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

22. The covered bed was defective in its design and marketing when Knapheide placed the bed into the stream of commerce. Specifically, the bed was not properly ventilated and lacked warnings about the risks and dangers posed to operators by the lack of ventilation.

23. As a result of the defects, the covered bed was unreasonably dangerous and posed an

unreasonable risk of harm to Plaintiff when used for the purpose for which it was intended.

24.     It was the duty of Defendant to manufacture, test, market, advertise, label, distribute, and/or sell the covered bed so that it was reasonably safe for its foreseeable use.

25.     At all times, the covered bed was used in the manner intended, recommended, or reasonably foreseeable by Defendant.

26.     The covered bed was defective in design and/or manufacture in that when it left the hands of Defendant, the foreseeable risks exceeded the benefits associated with the design and/or manufacture of the product.

27.     The covered bed marketed, sold, and supplied by Defendant was defective in its marketing and labeling in that Defendant knew or should have known of the covered bed's dangers and risks but failed to: (1) adequately warn or instruct consumers of the nature and extent of those risks and how to avoid them, and (2) properly warn users or instruct users on the proper operation of the covered bed and the dangers presented by its lack of ventilation.

28.     The covered bed reached Pratts without substantial change to its condition from the time it was originally manufactured by Defendant Knapheide.

29.     As a direct and proximate result of the defective condition of the covered bed as manufactured and/or distributed by Defendant, Plaintiff suffered the injuries and damages described herein.

**COUNT 2**
**Negligent Products Liability of Knapaheid**

30.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

31.     Defendant had a duty to exercise reasonable care in the design, manufacture, testing, sale, labeling, and/or distribution of the covered bed, which they placed into the stream of commerce, including a duty to ensure that it did not cause unreasonable or unnecessary injury.

32.     Defendant breached their above-stated duties when they: (1) did not use due care in manufacturing the covered bed to have proper ventilation; (2) did not use due care in warning product users, including Pratt's and its employees, concerning the appropriate and safe use of the covered bed; (3) placed an unsafe product into the stream of commerce; and (4) failed to discover or warn of the dangers associated with the use of the covered bed and the dangers created by its lack of ventilation.

33.     By providing Pratts with the unventilated covered bed, Defendants also placed Plaintiff in an unsafe situation and had a duty to render appropriate assistance to protect him from the danger Defendant created.

34.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered the injuries and damages described herein.

35.     Defendants knew or should have known that Plaintiff could foreseeably suffer injuries as a result of Defendants' failure to exercise ordinary care as described above.

**COUNT 3**
**Strict Products Liability against Dealers**

36.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

37.     The covered bed was defective in its design, marketing, and installation when Dealers placed the bed into the stream of commerce.  Specifically, the bed was not properly ventilated and lacked warnings about the risks and dangers posed to operators by the lack of ventilation

38.     It was the duty of Defendant to, test, market, advertise, label, distribute, and/or sell the covered bed so that it was reasonably safe for its foreseeable use.

39.     At the time the covered bed left the control of Defendant, it contained one or more conditions, including but not limited to the lack of proper ventilation, which rendered it defective and unreasonably dangerous in light of its nature and intended use.

40.     At all times, the covered bed was used in the manner intended, recommended, or

reasonably foreseeable by Defendant.

41.     The covered bed was defective in design, manufacture, and/or installation in that when it

left the hands of Defendant, the foreseeable risks exceeded the benefits associated with the design,

manufacture, and/or installation of the product.

42.     The covered bed marketed, sold, and installed by Defendants was defective in its

Marketing, labeling and installation in that Defendant knew or should have known of the covered

bed's dangers and risks but failed to: (1) adequately warn or instruct consumers of the nature and

extend of those risks and how to avoid them, and; (2) properly warn users or instruct users on the

proper operation of the covered bed and the dangers presented by its lack of ventilation.

43.     The covered bed reached Pratt's without substantial change to its condition from the

time it was originally installed by Defendant Dealers.

44.     As a direct and proximate result of the defective condition of the covered bed as

manufactured and/or distributed by Defendants, Plaintiff suffered the injuries and damages

described herein.

**COUNT 4**
**Negligent Products Liability against Dealers**

45.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

46.     Defendant had a duty to exercise reasonable care in the design, manufacture, testing,

sale, labeling, installation, and/or distribution of the covered bed, which they placed into the stream

of commerce, including a duty to ensure that it did not cause unreasonable or unnecessary injury.

47.     Defendant breached their above-stated duties when they: (1) did not use due care in

installing the covered bed to have proper ventilation; (2) did not use due care in warning product

users, including Pratts and its employees, concerning the appropriate and safe use of the covered

bed; (3) placed an unsafe product into the stream of commerce; (4) failed to discover or warn of the dangers associated with the use of the covered bed and the dangers created by its lack of ventilation; and (5) failed to properly install the covered bed onto the vehicle.

48.     By providing Pratts with the unventilated covered bed, Defendants also placed Plaintiff in an unsafe situation and had a duty to render appropriate assistance to protect him from the danger Defendant's created.

49.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered the injuries and damages described herein.

50.     Defendant knew or should have known that Plaintiff could foreseeably suffer injuries as a result of Defendant's failure to exercise ordinary care as described above.

## COUNT 5
### Strict Products Liability against John Doe 1 and John Doe 2

51.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

52.     The covered bed was defective in its design, marketing, and installation when Defendants placed the bed into the stream of commerce.  Specifically, the bed was not properly ventilated and lacked warnings about the risks and dangers posed to operators by the lack of ventilation

53.     It was the duty of Defendants to, test, market, advertise, label, distribute, install and/or sell the covered bed so that it was reasonably safe for its foreseeable use.

54.     At the time the covered bed left the control of Defendants, it contained one or more conditions, including but not limited to the lack of proper ventilation, which rendered it defective and unreasonably dangerous in light of its nature and intended use.

55.     At all times, the covered bed was used in the manner intended, recommended, or reasonably foreseeable by Defendants.

56.     The covered bed was defective in design and/or manufacture in that when it left the

hands of Defendants, the foreseeable risks exceeded the benefits associated with the design and/or manufacture of the product.

57.     The covered bed marketed, sold, and supplied by Defendants was defective in its marketing and labeling in that Defendants knew or should have known of the covered bed's dangers and risks but failed to: (1) adequately warn or instruct consumers of the nature and extend of those risks and how to avoid them, and (2) properly warn users or instruct users on the proper operation of the covered bed and the dangers presented by its lack of ventilation.

58.     The covered bed reached Pratts without substantial change to its condition from the time it was originally manufactured by Defendant Dealers.

59.      As a direct and proximate result of the defective condition of the covered bed as manufactured and/or distributed by Defendants, Plaintiff suffered the injuries and damages described herein.

## COUNT 6
### Negligent Products Liability against John Doe 1 and John Doe 2

60.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

61.     Defendants had a duty to exercise reasonable care in the design, manufacture, testing, sale, labeling, installation, and/or distribution of the covered bed, which they placed into the stream of commerce, including a duty to ensure that it did not cause unreasonable or unnecessary injury.

62.     Defendants breached their above-stated duties when they: (1) did not use due care in designing the covered bed to have proper ventilation; (2) did not use due care in warning product users, including Pratts and its employees, concerning the appropriate and safe use of the covered bed; (3) placed an unsafe product into the stream of commerce; (4) failed to discover or warn of the dangers associated with the use of the covered bed and the dangers created by its lack of ventilation; and (5) failed to properly install the covered bed onto the vehicle.

63.     By providing Pratts with the unventilated covered bed, Defendants also placed

Plaintiff in an unsafe situation and had a duty to render appropriate assistance to protect him from

the danger Defendants created.

64.     As a direct and proximate result of Defendants' negligence, Plaintiff suffered the

injuries and damages described herein.

65.     Defendants knew or should have known that Plaintiff could foreseeably suffer injuries

as a result of Defendants' failure to exercise ordinary care as described above.

## COUNT 7
### Breach of Implied Warranty against Knapheide, Dealers, John Doe 1, and John Doe 2

66.     Defendants were merchant sellers with respect to the covered bed.

67.     In order to induce the purchase and/or use of the covered bed, Defendants impliedly

warranted to potential users of the covered bed that it was safe for the uses for which it was

designed and/or advertised to be used.

68.     Defendants breached this warranty in that the covered bed was not safe for the uses for

which it was manufactured and/or advertised.

69.     Plaintiff was injured as a result of the detrimental reliance upon Defendants' implied

warranties.

70.     As a direct and proximate result of one or more of the foregoing breaches of implied

warranty, Plaintiff suffered the injuries and damages described herein.

## DAMAGES

71.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

72.     The injuries and damages sustained by Plaintiff as a result of Defendants include, but

are not limited to, the following:

        a.  Actual damages;

b. Past and future medical expenses;

c. Past and future pain and suffering;

d. Past and future mental anguish;

e. Past and future impairment;

f. Attorneys' fees and expenses; and

g. In addition to compensatory damages for actual losses, damages, and injuries sustained by Plaintiff, Plaintiff should be awarded punitive damages, in excess of the minimum amount required for federal jurisdiction, to punish Defendants and to deter Defendants and others from similar conduct, for misconduct associated with their decision to manufacture and install a covered work bed without proper ventilation, because Defendants knew or should have known, in light of the surrounding circumstances, that its conduct would naturally and probably result in injury and damages and that Defendants continued such conduct with malice or in reckless disregard of the consequences from which malice may be inferred.

73. Plaintiff reserves any and all rights and opportunities to amend this Complaint.

## JURY DEMAND

74. Plaintiff hereby demands a jury trial.

## PRAYER

Plaintiff prays that citation issue and be served upon Defendants requiring them to appear and answer. Plaintiff seeks damages in excess of the minimum jurisdictional limits of this court, monetary relief, pre-judgment and post-judgment interest, court costs, and all such other relief to which Plaintiff shows himself justly entitled.

Respectfully submitted,

KEIL LAW FIRM, PLLC
Attorneys at Law
406 Walnut Street
Texarkana, Arkansas 71854
Tel: (870) 772-4113
Fax: (870) 773-2967

Matt Keil
Texas Bar No. 11181750
mkeil@kglawfirm.com

Erin M. Keil
Texas Bar No. 24120462
ekeil@kglawfirm.com

By: */s/ Matt Keil*
     Matt Keil

**ATTORNEYS FOR PLAINTIFF**